## Young to use *v.* Steim, Appellant.

*Attachment execution—Promissory notes—Assignment.*

In an action upon a judgment note, in the name of the payee, to the use of another, it appeared that the defendant bought a property, paying for it partly in cash, partly by a note to the vendor, and partly by the note in suit, payable to the legal plaintiff. Subsequently a firm, of which the use plaintiff was a member, secured a judgment against the vendor, and issued an attachment execution against the defendant. In the attachment proceedings the firm undertook to show that the note given to the legal plaintiff was in fact the property of the vendor. The proceedings, however, were discontinued. Subsequently the legal plaintiff assigned the note to the use plaintiff, and suit was brought thereon against the defendant, the maker. *Held,* that the attachment proceedings were not a bar to the suit, and that the attempt of the attaching firm to show that the vendor was the owner of the note, did not affect the legal plaintiff's title, or estop the use plaintiff from acquiring that title.

Argued May 8, 1905. Appeal, No. 22, April T., 1905, by defendant, from judgment of C. P. Armstrong Co., Sept. T., 1903, on verdict for plaintiff in case of James V. Young to use of Klinordlinger v. R. A. Steim. Before BEAVER, OR-LADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a note. Before PATTON, P. J.
The facts are stated in the opinion of the Superior Court.

*Errors assigned* were various instructions.

*J. H. McCain*, of *McCain & Christy*, for appellant, cited : Bradley v. Bradley, 3 Phila. 414 ; Scottish Rite, etc., Aid Assn. v. Trust Co., 195 Pa. 45 ; Brenner, Trucks & Co. v. Moyer, 98 Pa. 274 ; Baxley v. Linah, 16 Pa. 241 ; Wills v. Kane, 2 Grant, 60 ; Garber v. Doersom, 117 Pa. 162 ; Rapp v. Craw-ford, 146 Pa. 21.

*Orr Buffington*, with him *O. W. Gilpin*, for appellee, cited : Ruff v. Ruff, 85 Pa. 333 ; Brown v. Scott, 51 Pa. 357 ; Tryon v. Carlin, 5 Watts, 371.

OPINION BY HENDERSON, J., October 9, 1905:

The defendant bought from D. H. Young the interest of the latter in a hotel property and gave as payment therefor his check for $1,000, payable to Austin Clark, attorney for Young ; a note for $1,000, payable to Austin Clark for Young, and another note payable to James V. Young. Before these obligations were paid, A. Klinordlinger and ' Son obtained judgment against D. H. Young and issued an attachment exe-cution therefor, which writ was served on Steim and Clark.

Both of these garnishees filed answers to interrogatories ad-mitting the existence of the obligations named, and on July 3, 1896, judgment was taken against Steim for the sum of $915 on his answer. This judgment was paid to the plaintiff's at-torney September 10, 1896. An issue was afterwards formed in the attachment, and after the parties had proceeded at some length with the trial the case was discontinued and the

attachment dissolved as to Steim and Clark. During that trial the attaching creditors offered evidence of the giving of the check and notes above referred to, and also undertook to show that the note given to James V. Young was without consideration and was in truth the property of D. H. Young. This note was afterwards assigned by James V. Young to A. Klinordlinger, one of the firm of attaching creditors, and upon it the pending action is founded. The note upon its face is payable to James V. Young, and he was, prima facie, its owner prior to the assignment to the use plaintiff. Steim does not deny that he signed the note, nor does he allege a failure of consideration, or that the note was ever paid. His defense is that, inasmuch as he was made a garnishee in the attachment proceeding brought by A. Klinordlinger and Son and judgment was therein entered against him, the adjudication in that case is a bar to any proceeding on this note. The defendant denied that the note belonged to James V. Young, but alleged that it was the property of D. H. Young, and the court submitted to the jury the question whether the note belonged to James V. Young at the time of its assignment to the use plaintiff. It is not claimed that James V. Young was a party to the attachment, nor can it be seriously alleged that his rights with reference to the note were in any wise affected by that proceeding. It appears from the record of that case that the appellant admitted that he owed the amount of the check, $1,000, and judgment was evidently entered against him on his answer because of that admission. He owed that amount, and had no ground for complaint that judgment was so entered. James V. Young had no control over the attachment proceeding, was not heard, and could not be legally affected thereby : Ruff v. Ruff, 85 Pa. 333. Nor could Steim set up the attachment proceeding as a bar to an action by James V. Young on the note : Brown v. Scott, 51 Pa. 357. The trial in that proceeding came to naught; the case was abandoned, and on no theory can it be held that the attempt of the plaintiffs there to show that D. H. Young was the owner of the note in question affected James V. Young's title or estopped the present use plaintiff from acquiring that title. The issue here is, does the defendant owe the amount of this note? Having contracted to pay it to James V. Young,

he has no standing now to allege that it ought to be paid to D. H. Young. When it is paid, he will be relieved from further liability. The action is by the legal plaintiff, and the payment of the judgment will be a sufficient protection to the defendant.

The judgment is affirmed.